IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID GORDON HAMILTON, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 21-878-RGA |
| MENTAL HEALTH STAFF AT JTVCC, | : |
| Defendant. | : |

David Gordon Hamilton, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

September 17, 2021
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff David Gordon Hamilton, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 1). Plaintiff appears *pro se* and proceeds *in forma pauperis*. He seeks injunctive relief. (D.I. 1, 7). The Court proceeds to screen the Complaint/motion pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

## I. BACKGROUND

Plaintiff alleges violations of the Eighth and Fourteenth Amendments of the United States Constitution. Plaintiff is an opiate addict, and he has been in several drug treatment programs. (D.I. 1 at 1). Plaintiff was evaluated and tested for placement in an opioid treatment program and was told that he was a candidate. (*Id*.). Plaintiff was told that the physician was waiting for a referral from Mental Health. (*Id*. at 1-2). After weeks passed and Plaintiff heard nothing, he submitted a sick call slip and was told that he had too much time to serve for treatment and that "no medical recommendations will be made by mental health staff." (*Id*. at 2). He seeks injunctive relief.

## II. SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental

1

defendant).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020)  "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions.  *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  A plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See Johnson v. City of Shelby*, 574 U.S.10 (2014).  A complaint may not

dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  See id. at 11.

A court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  Connelly v. Lane Constr. Corp., 809 F.3d 780,787 (3d Cir. 2016).  Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.

### III.     DISCUSSION

The sole defendant is Mental Health Staff at JTVCC.  There are no individual defendants.

To state a viable § 1983 claim, a plaintiff must allege facts showing a deprivation of a constitutional right, privilege or immunity by a person acting under color of state law.  See Daniels v. Williams, 474 U.S. 327, 330 (1986).  The named defendant is not a person as required to state a claim under 42 U.S.C. § 1983.

In addition, there are no allegations directed towards individuals.  Rather, there are generic references to "staff".  "A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.  Personal involvement can be

3

shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  Given that there are no allegations directed towards any individual, under the liberal notice pleading standard of Rule 8(a), the pleadings fail to allege facts that, if proven, that would show personal involvement.   Accordingly, the claims will be dismissed.

Because it is possible Plaintiff may be able to state viable claims, he will be given leave to amend to cure his pleading defects..

### IV.     CONCLUSION

For the above reasons, the Court will:  (1) deny without prejudice the motion for temporary restraining order and motion for leave to amend emergency preliminary injunction motion (D.I. 1, 7); and (2) give Plaintiff leave to amend.

An appropriate Order will be entered.